## CIRCUIT COURT OF WARREN COUNTY

Kermit R. Brown

    v.

Pearlie Alice Brown

November 3, 1983

Case No. (Chancery) 3909

By JUDGE HENRY H. WHITING

The Clerk has handed me the file in the above-styled case containing a final decree signed by counsel for the husband but not by counsel for the wife. I cannot enter this decree for the following reasons:

(1) Counsel for the wife has not signed the decree.

(2) The evidence is insufficient to establish that these parties have lived "separate and apart without any cohabitation and without interruption for one year," as required by Virginia Code § 20-91(9). While the husband claims the parties separated in August of 1977 and said "Yes, we have" to a leading question of have you "lived separate and apart continuously and without any cohabitation since that date," the evidence from the other witnesses indicates that he has visited the home and spent the night under the same roof of a single-family dwelling on numerous occasions.

The evidence in the case shows that the husband had been visiting the former marital domicile while it was in Warren County at least once a month and that he frequently spent the night there at that time. Elbert Brown testified that the husband while there would work on the house, cut wood and apparently did some work in the garden with his tractor (22) and went on shopping trips with the wife (23). Mr. Brown also said that while they were there either he or the wife cooked his meals

(16), the husband has spent a week at a time on vacations at the home (17) and that he was sure he'd spent longer than a weekend at times, *ibid*. While Elbert Brown said that there seemed to be tension in the past several years which had not existed before and that as far as he knew the husband slept in another room from the wife he was not able to say that they had not engaged in sexual relations during his visits.

(3) These visits apparently continued a period of time Mrs. Brown was in Maurertown in Shenandoah County and therefore the Court cannot find that they last cohabited in Warren County, Virginia.

The Court recognizes that it may be possible in some circumstances to establish living "separately and apart without any cohabitation and without interruption" even though the husband occasionally visits in the home to see the children. However, if the parties are staying in the same household, the wife occasionally prepares his meals and the husband does chores around the house and occasionally goes on shopping trips with the wife this is insufficient to establish the requisite separation and lack of cohabitation.

As The Honorable Robert K. Woltz has pointed out in *Reel v. Reel,* Circuit Court of Frederick County, Chancery No. 6377:

> The remaining meaning of cohabitation, namely, living together as man and wife, involves many and varying sets of facts and circumstances . . . . While no precise delineation can be given to the concept of living together as husband and wife, it includes the idea of services rendered one to the other, mutual society and companionship, aid and comfort, protection and conjugal affection, many of which things are included within the term "consortium." Sexual intercourse is a usual, important, but not necessarily required, element of the concept.

The Court believes that the legislature has substituted fault for proof of the requisite separation but requires that the separation be "without *any* cohabitation and without interruption for one year." (Emphasis added.)

Therefore, the Court declines to enter the tendered decree.